

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**GREGORY P. MOUTON, JR.**
Phone: (212) 676-1307
Fax: (212) 788-9776
gmouton@law.nyc.gov

December 23, 2011

**BY ECF**
Honorable Roanne L. Mann
United States District Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Plaintiff shall respond to this application by December 28, 2011.* **SO ORDERED:**
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 12/23/11

Re: <u>Christine Silletti v. The City of New York, et al.</u>, 11 CV 2604 (RRM) (RLM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendants The City of New York and Police Officer Renee Etheridge. In that capacity, I write to request that the Court (1) recommend dismissal of plaintiff's Complaint for failure to prosecute, (2) sanction plaintiff for the cost of making the within application, and (3) in the alternative, compel plaintiff to provide a release pursuant to N.Y. C.P.L. § 160.50 by a date certain and grant a corresponding extension of discovery that will allow defendants to access plaintiff's records and defend this action.

      By way of background, on May 31, 2011, plaintiff filed the instant matter alleging false arrest and malicious prosecution as a result of being arrested on May 3, 2010. Plaintiff alleges in her Complaint that all of the charges against her were dismissed in their entirety. This being the case, these records would have been sealed by operation of law under N.Y. C.P.L. § 160.50.

      On or about June 30, 2011, I requested, and received from plaintiff's counsel, Michael Lumer, Esq., consent to request an extension of time to respond to the Complaint so that defendants could receive and process a release pursuant to N.Y. C.P.L. § 160.50. Despite promises to send the release, defendants never received the release. On August 12, 2011, I requested, via email, that plaintiff send an executed release pursuant to N.Y. C.P.L. § 160.50 to defendants.[1] A

---

[1] See Exhibit A, annexed hereto.

letter was also sent on August 19, 2011, by my paralegal, Zuli Nauzo, requesting the same.[2] Both the email and letter enclosed a blank authorization.

Since then, plaintiff's counsel and I have discussed this matter, and I have requested an executed release. Further, at the Initial Conference on September 22, 2011, this was again discussed with Mr. Lumer, and defendants' Initial Disclosures indicated that they were unable to provide any documents as no release had been executed and returned to defendants.[3]

Finally, on December 2, 2011, a Settlement Conference was held in this matter before Your Honor. At this conference, defendants indicated that they still had not received an executed N.Y. C.P.L. § 160.50 release. On December 2, 2011, Your Honor issued an order requiring plaintiff to respond to all outstanding discovery demands by December 9, 2011.[4]

To date, plaintiff has still not provided an executed release pursuant to N.Y. C.P.L. § 160.50, and it is clear that she has (1) ignored Your Honor's Order dated December 2, 2011; and (2) that plaintiff does not intend to prosecute her case.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or <u>dismissing the action</u> or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . ." (emphasis added). The sanction of dismissal is appropriate when a party's failure to comply with a Court order is due to "willfulness, bad faith or any fault." <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (1986) (citing <u>Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers</u>, 357 U.S. 197, 212 (1958)).

Moreover, it is well-settled that a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Id.</u> at 629 - 30; <u>Palmieri v. DeFaria</u>, 88 F.3d 136, 140 (2d Cir. 1996) ("a District Court may dismiss a claim with prejudice for failure to prosecute"); <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995) (district court may dismiss complaint under F.R.C.P. 41(b) for failure to comply with court order, treating noncompliance as failure to prosecute).

In the instant case, it is clear that plaintiff has willfully failed to comply with the Court's Order to provide a response to defendants' discovery demands, which includes producing an executed release purusuant to N.Y. C.P.L. § 160.50. As such, plaintiff has created an undue delay and has failed to prosecute her case. For those reasons, her Complaint must be dimissed, and costs assessed against plaintiff for the cost of this application. Therefore, defendants request that Your Honor make a recommendation that this case be dismissed.

In the alternative, defendants respectfully request that the Court issue an Order (1) compelling plaintiff to provide an executed release pursuant to New York Criminal Procedure Law

---

[2] See Exhibit B, annexed hereto.
[3] See Exhibit C, annexed hereto.
[4] See Docket Entry #13.

§160.50 by a date certain, and (2) extending the deadline for discovery from January 23, 2011, to and including March 23, 2011, so that defendants may process the executed release and properly defend this action.

    Thank you for your consideration herein.

    Respectfully submitted,

    /s/

    Gregory P. Mouton, Jr. (GM-4379)
    Assistant Corporation Counsel
    Special Federal Litigation Division

cc:

REIBMAN & WEINER, ESQS. (via ECF)
26 Court Street, Suite 1808
Brooklyn, NY 11242